*691 MEMORANDUM *
Defendants-Appellants City of Santa Rosa, et al. (collectively City of Santa Rosa) appeal from a district court order that denied the cross-motion for partial summary judgment filed by the City of Santa Rosa and the three police officers who shot lethal rounds at Richard DeSan-tis — Sergeant Richard Celli, Officer Travis Menke, and Officer Patricia Mann — in an action brought by Plaintiffs-Appellees under 42 U.S.C. § 1983 for use of excessive force.
We have jurisdiction over this interlocutory appeal to the extent that it raises purely legal questions. See Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); see also Behrens v. Pelletier, 516 U.S. 299, 313, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). Review is limited to whether the defendants are entitled to qualified immunity as a matter of law. See Lee v. Gregory, 363 F.3d 931, 932 (9th Cir.2004).
Reviewing the district court’s denial of qualified immunity de novo, assuming the version of disputed issues of material facts asserted by the non-moving party, and drawing all reasonable inferences in favor of the non-moving party, see Bryan v. McPherson, 590 F.3d 767, 772 (9th Cir.2009), we conclude that the district court did not err in denying qualified immunity to the City of Santa Rosa and the individual police officers. “If a genuine issue of material fact exists that prevents a determination of qualified immunity at summary judgment, the case must proceed to trial.” Porter v. Osborn, 546 F.3d 1131, 1136 (9th Cir.2008) (citation omitted).
“We must balance the nature and quality of the intrusion on the individual’s Fourth Amendment interests against the countervailing governmental interests at stake” to determine whether the City of Santa Rosa employed constitutionally excessive force. Bryan, 590 F.3d at 772 (citations and internal quotation marks omitted). We must assume that the facts as presented by the non-movant are true and can be proven at trial. See Johnson v. Jones, 515 U.S. 304, 319, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). Taken in the light most favorable to the Plaintiffs, the facts in this case raise a triable issue of fact as to whether the officers who fired lethal shots at Richard DeSantis used excessive force. Both Patricia DeSantis and the dispatcher informed the police that Richard was mentally ill. Patricia also informed the officers that Richard was unarmed and the gun was in the house. The officers could see Richard’s hands at all times, and could see he was not hiding a weapon in his waistband. Richard never threatened to inflict, and did not inflict, harm to his family or to the officers. He was outnumbered six to one by police officers. When Sergeant Celli shot him, Richard was at least ten yards away from the nearest officer, and was walking towards them with a shattered right arm. None of the officers ever warned Richard that they would shoot him if he did not stop. The six officers could have used the Sage weapon again, or their Tasers, or their batons, or the dog.[1] These facts raise a triable issue of fact as to whether the officers used excessive force against Richard when they shot and killed him. See Deorle v. *692 Rutherford, 272 F.3d 1272, 1282-83 (9th Cir.2001), as amended.
For the same reasons, the district court did not err in denying qualified immunity to the City of Santa Rosa and the individual officers on the substantive due process claim. Genuine issues of material fact remain to be resolved in determining whether the officers were motivated by a purpose to cause harm that shocks the conscience. See id. at 1140.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Although officers are not required to use the least intrusive degree of force available, Scott v. Henrich, 39 F.3d 912, 915 (9th Cir.1994), “the availability of alternative methods of capturing or subduing a suspect may be a factor to consider.” Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir.2005) (citation omitted).